UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN ASTER

                Plaintiff,

   v.

PETER A. WARD and BANK OF NEW YORK

                Defendants.
_____/

No. C 07-05799 MHP

**MEMORANDUM & ORDER**
**Re: Subject Matter Jurisdiction**

      On November 15, 2007 plaintiff Herman Aster filed this pro se action against Peter A. Ward and the Bank of New York. He claims this action arises under the United States securities laws since it implicates certain securities in defendants' custody. The body of the complaint, however, describes a state court judgment by the Superior Court of California in Santa Clara (the "Superior Court") in a domestic relations matter. The Superior Court held, in a dissolution matter, that 3,000 shares previously owned by plaintiff were to be divided equally in kind between plaintiff and his former spouse. It sent an order to this effect to the custodian of the shares, the Bank of New York. The order also stated that there was to be a stay on the balance and funds were to not be released to plaintiff without a court order.

      Plaintiff claims that defendants violated Securities laws paragraphs 6838, 6782 and 5717 by: 1) issuing stock certificates to his former spouse; 2) changing the address on the account; and 3) denying plaintiff $42,679.06 in dividends. In his prayer for relief, plaintiff seeks an order compelling the Bank of New York to re-issue all misdirected and unlawfully withheld dividend checks solely in his name.

      The proper resolution of this matter necessarily involves reviewing the Superior Court's decision. This court, however, lack subject matter jurisdiction over the Superior Court's decision in

this domestic relations matter. Specifically, the court does not have federal question jurisdiction because "[a]s courts of original jurisdiction, [district courts] do not have jurisdiction over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional." Allah v. Superior Court, 871 F.2d 887, 890–91 (9th Cir. 1989). "This rule applies even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." Id.; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 484–87 (1983). Indeed, this is a fundamental tenet of our federalist system: Federal district courts are courts of limited jurisdiction, and may only exercise original jurisdiction; the United States Supreme Court has exclusive jurisdiction to review state decisions. 28 U.S.C. § 1257; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Because the complaint seeks a review of the merits of a state court action, this district court is powerless to adjudicate plaintiff's claims. Plaintiff's proper course of action would be to appeal (or reopen) the Superior Court proceedings in the California state courts. Plaintiff may have federal court review through certiorari to the United States Supreme Court after the California Supreme Court has ruled upon his case.

In addition, plaintiff does not meet the requirements for subject matter jurisdiction through diversity jurisdiction. Though parties appear to be completely diverse, the amount in controversy requirement is not met. Specifically, plaintiff's claim for $42,679.06 falls short of the $75,000 bar. Finally, it is unclear whether the court possesses personal jurisdiction over the Bank of New York and Mr. Ward.

Nor does plaintiff have any claim under the federal securities laws. The paragraphs he refers to are non-existent in any federal securities statutes. Furthermore, the gravamen of plaintiff's claim goes to the state court's treatment of the securities accounts.

In sum, the court hereby DISMISSES plaintiff's complaint due to a lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: December 28, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2